UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CELESTINE DOESBURGH,

     Plaintiff,

v.

LINCOLN LIFE & ANNUITY
COMPANY OF NEW YORK,

     Defendant.

_____)

## COMPLAINT

     The Plaintiff, CELESTINE DOESBURGH ("DOESBURGH"), by and through her undersigned counsel, hereby sues LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK ("LINCOLN"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.    This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq.  DOESBURGH brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2.    DOESBURGH was at all times relevant a citizen of the United States of America and in all respects sui juris.

3.    LINCOLN is a corporation with its principal place of business in the State of New York,

authorized to transact and is transacting business in the Southern District of Florida.

4.    Venue is proper in this District under 29 USC 1132 (e)(2),  in that the defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5.    This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DOESBURGH by LINCOLN.

6.    DOESBURGH was at all times material an employee of Affinity Health Plan, Inc. ("AFFINITY").

7.    DOESBURGH was at all times material a plan participant under the AFFINITY Welfare Benefit Plan, Group Policy No. 000010071734 (the "LTD Plan") which is established by AFFINITY and pursuant to which DOESBURGH is entitled to benefits.

8.    The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9.    LINCOLN is the insurer of benefits under the LTD Plan and was appointed by AFFINITY, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10.   As the decision maker and payer of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, LINCOLN is not entitled to a deferential standard of review.

11.   Pursuant to the terms and conditions of the LTD Plan, DOESBURGH is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

2

12.     According to the LTD Plan,

> **"Total Disability" or "Totally Disabled"** will be defined as follows.
>   1.   During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of his or her regular occupation.
>   2.   After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the main duties of any gainful occupation which his or her training, education or experience will reasonably allow.
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

13.     Since approximately December 3, 2009, DOESBURGH has been disabled under the terms of the LTD Plan.

14.     Shortly after becoming disabled, DOESBURGH made a claim to LINCOLN under the LTD Plan for disability benefits.

15.     Following the Elimination Period, LINCOLN approved DOESBURGH's claim for LTD benefits and paid benefits with an effective date of June 1, 2010.

16.     LINCOLN continued to issue LTD benefits to DOESBURGH under the own occupation definition of disability.

17.     On or about June 1, 2013, the definition of disability changed to the much more strict Any Occupation definition as indicated above.

18.     On May 6, 2014, LINCOLN notified DOESBURGH that she would no longer be eligible for continued  LTD benefits, effective June 1, 2014,  as LINCOLN had determined that there was a lack of medical evidence to support DOESBURGH inability to perform each of the main duties of any gainful occupation which her training, education or experience would reasonably allow.

19.     DOESBURGH properly appealed LINCOLN'S May 6, 2014 adverse benefit determination.

20.     By letter dated February 19, 2015, LINCOLN affirmed their decision to terminate

DOESBURGH's LTD benefits.

21.     DOESBURGH timely submitted a second appeal of LINCOLN'S May 6, 2014 adverse benefit determination.

22.     By letter dated October 27, 2015, LINCOLN again affirmed their decision to terminate DOESBURGH'S LTD benefits and advised DOESBURGH that she have exhausted all rights of appeal and her file is closed.

23.     At all relevant times, DOESBURGH complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

24.     At all relevant times, as a result of Injury or Sickness, DOESBURGH has been unable to perform each of the main duties of her regular occupation.

25.     At all relevant times, as a result of Injury or Sickness, DOESBURGH has been unable to perform each of the main duties of any gainful occupation which her training, education or experience would reasonably allow.

26.     At all relevant times, DOESBURGH has been under the regular care of a doctor.

27.     At all relevant times, DOESBURGH was a Covered Person under the LTD Plan.

28.     From June 1, 2014, to the present date, DOESBURGH has not received benefits owed to her under the LTD Plan, despite DOESBURGH's right to these benefits.

29.     At all relevant times, LINCOLN was the payer of benefits.

30.     At all relevant times, LINCOLN was the "Insurance Company" identified throughout the LTD Plan.

31.     At all relevant times, LINCOLN was the Plan Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32.     At all relevant times, DOESBURGH has been and remains Disabled and entitled to LTD benefits from LINCOLN under the terms of the LTD Plan.

33.     DOESBURGH has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a) (1) (B)**

34.     DOESBURGH incorporates Paragraphs 1 through 33 as if fully set forth herein.

35.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36.     Pursuant to 29 U.S.C. §1132(a)(1)(B), DOESBURGH, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

37.     DOESBURGH has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LINCOLN'S failure to pay her disability benefits.

38.     DOESBURGH has exhausted all administrative remedies under the LTD Plan.

39.     Defendant breached the LTD Plan and violated ERISA in the following respects:

        (a)     Failing to pay LTD benefit payments to DOESBURGH at a time when LINCOLN knew, or should have known, that DOESBURGH was entitled to those benefits under the terms of the LTD Plan, as DOESBURGH was disabled and unable to work and therefore entitled to benefits.

        (b)     Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in

5

relation to the applicable facts and LTD Plan provisions, for the denial of DOESBURGH's claim for LTD benefits;

(c)     After DOESBURGH's claim was denied in whole or in part, LINCOLN failed to adequately describe to DOESBURGH any additional material or information necessary for DOESBURGH to perfect her claim, along with an explanation of why such material is or was necessary.

(d)     LINCOLN failed to properly and adequately investigate the merits of DOESBURGH's disability claim and failed to provide a full and fair review of DOESBURGH's claim.

40.    DOESBURGH believes and thereon alleges that LINCOLN wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which DOESBURGH is presently unaware, but which may be discovered in this future litigation and which DOESBURGH will immediately make LINCOLN aware of once said acts or omissions are discovered by DOESBURGH.

41.    Following the denial of benefits under the LTD Plan, DOESBURGH exhausted all administrative remedies required under ERISA, and DOESBURGH has performed all duties and obligations on her part to be performed under the LTD Plan.

42.     As a proximate result of the aforementioned wrongful conduct of LINCOLN, DOESBURGH has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43.     As a further direct and proximate result of this improper determination regarding DOESBURGH's claim for benefits, DOESBURGH, in pursuing this action, has been

required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), DOESBURGH is entitled to have such fees and costs paid by LINCOLN.

44.     The wrongful conduct of LINCOLN has created uncertainty where none should exist; therefore, DOESBURGH is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, CELESTINE DOESBURGH prays for relief against METROPLITAN LIFE INSURANCE COMPANY as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED: November 24, 2015

ATTORNEYS DELL AND SCHAEFER,

CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Rachel Alters*

RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com